UNITED STATES, Appellee,

v.

**Luis CEPEDA, Defendant, Appellant.**

No. 90–1117.

United States Court of Appeals,
First Circuit.

Heard June 7, 1990.

Decided June 26, 1990.

John F. Cicilline, Providence, R.I., for defendant-appellant.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., and Kenneth P. Madden, Asst. U.S. Atty., Providence, R.I., were on brief, for appellee.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and SELYA, Circuit Judge.

BREYER, Chief Judge.

The appellant, Luis Cepeda, was convicted of distributing heroin to an undercover agent. Under the Sentencing Guidelines, he was sentenced to twenty-seven months imprisonment. He appeals from that sentence, claiming that he should have received reductions for acceptance of responsibility and for minimal participation in the offense. We find no error in the sentence imposed by the district court.

■ 1. *Acceptance of Responsibility.* The Sentencing Guidelines state that a defendant's offense level shall be reduced by two levels if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). The application notes recognize that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." They provide that the judge's determination "is entitled to great deference on review and should not be disturbed unless it is without foundation." U.S.S.G. § 3E1.1, application note 5. The court below found "no indication of genuine remorse," noting that the defendant had not admitted his guilt until after he had been convicted by a jury. While this alone would not preclude a finding that a defendant had accepted responsibility, the district judge was entitled to consider the timing of the confession in evaluating its credibility. *See* U.S.S.G. § 3E1.1, application note 1(g).

■ The appellant also argues that the district court should have granted him the reduction for acceptance of responsibility because he voluntarily withdrew from criminal activity. *See* U.S.S.G. § 3E1.1, application note 1(a). His only basis for this claim is that federal investigators did not discover any evidence of appellant's involvement in drug transactions other than the one for which he was indicted. However, lack of evidence of other criminal activity does not in any way indicate an *affirmative* withdrawal from such activity. The district court could reasonably reject this argument.

We see no basis for overturning the court's determination. *See U.S. v. Royer*, 895 F.2d 28, 29–30 (1st Cir.1990) (credibility and demeanor are crucial in determining whether defendant has accepted responsibility, and district court's denial of reduction will not be overturned unless clearly erroneous).

■ 2. *Minimal Participation.* The appellant says that, since he was only a courier for one drug transaction, while his two co-defendants were involved in much more extensive drug activity, the district court should have granted him a four-level reduction as a "minimal participant" (or a two-level reduction as a "minor participant") in the criminal activity. *See* U.S.S.G. § 3B1.2. This argument ignores the fact that the appellant was only charged with one count of a four-count indictment, and that count described only the one transaction for which he was convicted: selling 15 grams of heroin. The district court was not legally required to consider appellant to have been a minimal or minor participant in that offense, for he did deliver the heroin and he did collect the money for it.

The judgment of the district court is *Affirmed.*