**UNITED STATES, Appellee,**

v.

**Jorge L. ROSADO–SIERRA,
Defendant, Appellant.**

**No. 90–2020.**

United States Court of Appeals,
First Circuit.

Submitted May 23, 1991.

Decided July 3, 1991.

H. Manuel Hernandez on brief, San Juan, P.R., for defendant, appellant.

Daniel F. Lopez Romo, U.S. Atty., and Antonio R. Bazan, Asst. U.S. Atty., Hato Rey, P.R., on memorandum in support of motion for summary disposition, for appellee.

Before SELYA, Circuit Judge,
BOWNES, Senior Circuit Judge, and
CYR, Circuit Judge.

PER CURIAM.

Defendant Rosado–Sierra pled guilty on July 18, 1990, to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and was thereafter sentenced to 78 months in prison. He now appeals, arguing that the district court improperly failed to consider his mitigating role in the offense for the purposes of sentencing. The government has moved for summary disposition on the ground that defendant's argument is plainly without merit. We agree, and therefore summarily affirm the judgment below.

Under the Sentencing Guidelines, the district court determined that defendant's base offense level was 26. This calculation reflected the quantity of cocaine involved, a two-point upward adjustment for involvement of firearms in the offense, and a two-point downward adjustment for acceptance of responsibility. Defendant argues that his offense level should have been further reduced by two points under U.S.S.G. § 3B1.2(b) because he was only a "minor participant" in the drug transaction. This provision applies to one whose role in the offense "makes him substantially less culpable than the average participant." *Id.* § 3B1.2 (background commentary); *see, e.g., United States v. Batista–Polanco*, 927 F.2d 14, 23 (1st Cir.1991); *United States v. Ocasio*, 914 F.2d 330, 333 (1st Cir.1990). A defendant has the burden of proving entitlement to such a downward adjustment, *see, e.g., id.* at 332, and can prevail on appeal only by demonstrating

that the district court's determination as to his role in the offense was clearly erroneous. *See, e.g., United States v. Wright,* 873 F.2d 437, 442–44 (1st Cir.1989). And where more than one reasonable inference may be drawn from undisputed facts, the court's choice from among supportable alternatives cannot be clearly erroneous. *See, e.g., United States v. Trinidad De La Rosa,* 916 F.2d 27, 29 (1st Cir.1990).

■ In refusing to find defendant a minor participant in the offense, the district court was not clearly erroneous. The undisputed facts in the presentence investigation report and counsel's responses thereto establish the following. Defendant was arrested along with four others in connection with the attempted sale of approximately one kilogram of cocaine to an undercover agent on May 14, 1990. Defendant was to have been paid $600 for his involvement. Jorge Rosario Malave was the supplier; defendant, along with another individual, worked for him as a broker and representative. Defendant and the other representative had met with the agent four days earlier in an aborted attempt to effect the sale. On May 14, after all participants had arrived at the meeting site, defendant made hand signals to Rosario and then boarded Rosario's automobile. Defendant then exited and approached the agent. Upon ascertaining that the money was ready, he directed the agent to enter Rosario's vehicle to receive the cocaine. As the agent was shown the cocaine, defendant vouched for its quality, pledging that if the agent were not satisfied therewith it could be exchanged. The arrests were then made.

Defendant argues that he was not involved in any of the negotiations for the purchase of the cocaine, was not himself armed during the delivery, was not in charge of the operation, and, with no criminal record and an age of twenty, was likely involved in his first drug deal. Yet given the extent of his involvement described above, it cannot be said that the district court clearly erred in finding that he was more than a minor participant. We have so held in various cases involving analogous circumstances. *See, e.g., United States v. Osorio,* 929 F.2d 753, 764 (1st Cir.1991) (defendant introduced buyer to seller; accompanied seller to site; vouched for quality of cocaine; was to receive $300 from deal); *United States v. Morales–Diaz,* 925 F.2d 535, 540 (1st Cir.1991) (defendant drove car containing cocaine; initiated contact with buyer; gave signal to seller to produce drug; accompanied agent to vehicle for expected payment); *United States v. Cepeda,* 907 F.2d 11, 12 (1st Cir.1990) (defendant delivered drug and collected money); *see also United States v. Paz Uribe,* 891 F.2d 396, 399 (1st Cir.1989) ("even if the court had found that Paz was only a courier, he would not automatically be entitled to a reduction"), *cert. denied,* — U.S. —, 110 S.Ct. 2216, 109 L.Ed.2d 542 (1990). Furthermore, defendant here did not raise the issue in the district court. He must therefore show that the court's failure to reduce the offense level was plain error. *See, e.g., Morales–Diaz,* 925 F.2d at 540. As the court's action was not clearly erroneous, it *a fortiori* was not plainly erroneous.

*The motion for summary disposition is granted and the judgment below is affirmed.*