USCA1 Opinion

 

 August 11, 1992 [NOT FOR PUBLICATION] ____________________ No. 91-2299 UNITED STATES OF AMERICA, Appellee, v. JUAN GUILLERMO BRAND, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Luis Rafael Rivera on brief for appellant. __________________ Daniel F. Lopez Romo, United States Attorney, and Antonio R. ______________________ __________ Bazan, Assistant United States Attorney, on brief for appellee. _____ ____________________ ____________________ Per Curiam. Appellant pled guilty to one count of __________ possession of cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2, and one count of possession of cocaine on board a vessel in violation of 21 U.S.C. 955 and 18 U.S.C. 2. The district court sentenced him to fifty-one months in prison. He now appeals that sentence, arguing that the court erred by not granting him a two-level reduction as a minor participant and by not departing downward for his substantial assistance to the government under the United States Sentencing Guidelines (USSG). Because appellant's assignments of error are without merit, we affirm. 1. Under USSG 3B1.2(b) a defendant's offense level is decreased by two levels if the defendant was a "minor participant" in the charged criminal activity. A minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." USSG 3B1.2(b) (Application Note 3). In order to merit this reduction, a defendant must have been "substantially less culpable than the average participant" in committing the offense. Id. (Background). ___ Our prior cases make clear that, in determining whether a defendant was a minor participant in criminal activity, we analyze both the relative conduct of the persons involved in the criminal activity, as the Sentencing Guidelines suggest, and the defendant's own conduct measured against the elements of the offense with which the defendant was charged. -2- United States v. Gregorio, 956 F.2d 341, 344 (1st Cir. 1992); ______________ ________ see also United States v. Cepeda, 907 F.2d 11, 12 (1st Cir. _______________________ ______ 1990). The defendant bears the burden of proof in seeking a sentencing adjustment as a minor participant. United States v. _____________ Rosado-Sierra, 938 F.2d 1, 1 (1st Cir. 1991). To prevail upon _____________ appeal, the defendant must show that the district court's determination that defendant was not a minor participant was "clearly erroneous." Id. at 1-2. Under this standard we will ___ reverse a lower court decision if, after reviewing the evidence, we have "the definite and firm conviction that a mistake has been committed." United States v. Vega- _______________ _____ Encarnacion, 914 F.2d 20, 24 (1st Cir. 1990) (quoting from ___________ Anderson v. Bessemer City, 470 U.S. 564, 573 (1984)), cert. ________ ______________ _____ denied sub nom. Cruz-Rosario v. United States, 111 S. Ct. 1626 _____________________________ _____________ (1991). Appellant incorrectly alleges that the court made no findings to support its decision that the appellant was not a minor participant in the drug trafficking scheme to which he pled guilty. The district court stated its reasons for concluding that appellant was not a minor participant at the sentencing hearing, as the hearing transcript makes clear. Moreover, the court also adopted the factual recitals of the presentence report, as the official judgment entered in the case clearly indicates. Thus, the findings on which the court relied were as follows. By his own admissions appellant had entered into a drug trafficking scheme with an individual in -3- Venezuela whom he had met while on a trip to that country. Pursuant to that scheme appellant would receive in Puerto Rico cocaine-carrying crew members from luxury liners travelling from Venezuela to Puerto Rico. He would then forward the cocaine to the continental United States. The specific events that led to his arrest and indictment for possessing cocaine with intent to distribute confirm that scheme. On March 11, 1991, customs officials detained and searched a crew member from a ship that had just arrived in Puerto Rico from Venezuela. They found cocaine in one of the seaman's shoes. After his arrest, he agreed to cooperate with the government and participated in a controlled delivery of the cocaine to appellant and another co-defendant. Appellant and his co- defendant, who was to provide appellant with transportation, were arrested after receiving the cocaine. A stipulated version of facts prepared by the government and signed by appellant further indicates that the appellant was to deliver $2,000 to the crew member for the cocaine. The presentence report concludes that appellant was the "most culpable" of the three persons who were arrested because he was "responsible for obtaining the cocaine and delivering same to the United States." In contrast, the crew member was a "courier", and appellant's other co-defendant was only a "minimal participant and the least culpable as his role only consisted of transporting the defendant . . . ." -4- These facts amply support the court's decision. Moreover, in light of appellant's guilty plea, there is no question that defendant committed each element necessary to convict him of the charges for which he was arrested. Finally, the court's decision is consistent with other decisions we have affirmed which arise out of similar facts. See, e.g., Rosado- __________________ Sierra, 938 F.2d at 2, and cases cited therein. Therefore, the ______ district court's decision that appellant did not merit an offense level reduction as a minor participant was not clearly erroneous. 2. Under USSG 5K1.1 the court may depart from the sentencing guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." The district court declined to depart downward because the government had not brought the motion required by Section 5K1.1. Upon appeal appellant asks this court to revisit its decisions holding that a district court's refusal to depart downward is not appealable if the sentence imposed was within the sentencing guidelines and that a district court may not depart downward absent a government motion seeking such departure.1 In support of his request appellant alleges that the prosecutor did not file the Section ____________________ 1. Appellant states in his brief on appeal that he had argued before the district court that Section 5K1.1 was unconstitutional because it violated the separation of powers doctrine. Appellant does not pursue this argument on appeal. -5- 5K1.1 motion "simply because of [appellant's] colombian origin (he was born in Colombian [sic] but raised in Venezuela)." We see no reason to revisit our prior holdings, as appellant suggests. Moreover, the question whether the district court may depart downward absent a government motion has been resolved by the Supreme Court. In Wade v. United ____ ______ States, 112 S. Ct. 1840, 1842-43 (1992), the Court affirmed a ______ decision that a district court may not depart downward without a government motion, holding that Section 5K1.1 gives the government "a power, not a duty" to file that motion. Although a prosecutor's discretion in bringing a Section 5K1.1 motion is subject to constitutional limitations, id. at 1843, appellant's ___ allegation of prosecutorial misconduct is misplaced here. Appellant's suggestion that the prosecutor's decision not to bring a Section 5K1.1 motion was based on animus against him because of his Colombian origin is conclusory and finds no support in the record. See id. at 1844 ("generalized ________ allegations of improper motive" do not show prosecutorial abuse of discretion); United States v. Amparo, 961 F.2d 288, 293 (1st _____________ ______ Cir. 1992) (appellant's argument that the government chose not to seek downward departure in her case because she exercised her constitutional right to a jury trial was "[a] wholly conclusory allegation, unsupported either by proven facts or by reasonable inferences from proven facts, [and so] cannot suffice to overcome the force of the 'government motion' requirement"). In addition, appellant failed to raise this -6- argument before the district court. His failure precludes him from raising the argument now. United States v. Uricoechea- ______________ ___________ Casallas, 946 F.2d 162, 166 (1st Cir. 1991) (the long-standing ________ rule that this court will not address issues presented for the first time on appeal applies to arguments about sentencing guidelines). Because the district court properly found that appellant was not a minor participant in the criminal activity to which he pled guilty, and because appellant's assertion of prosecutorial misconduct is unsupported by the evidence and was not made at the hearing below, we affirm summarily pursuant to ______ 1st Cir. Loc. R. 27.1. -7-