USCA1 Opinion

 

 November 19, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1722 UNITED STATES OF AMERICA, Appellee, v. RICARDO JOSE NOCHE, Defendant, Appellant. ___________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Circuit Judge, _____________ Skinner,* District Judge. ______________ ____________________ Laura Maldonado-Rodr guez, Assistant Federal Public ___________________________ Defender, with whom Benicio S nchez-Rivera, Federal Public _______________________ Defender, was on brief for appellant. Jeanette Mercado-R os, Assistant United States Attorney, ______________________ with whom Daniel F. L pez-Romo, United States Attorney, and Jos _____________________ ____ A. Quiles-Espinosa, Senior Litigation Counsel, were on brief for __________________ appellee. ____________________ ____________________ ____________________ * Of the District of Massachusetts, sitting by designation. Per Curiam. Appellant Ricardo Jos Noche and three co- __________ defendants pled guilty to aiding and abetting the knowing and intentional possession of 2,000 pounds of marijuana with intent to distribute. On May 28, 1992, the district court sentenced appellant to 78 months in prison, five years of supervised release, and a $50 fine. Appellant now asserts that the district court erred in refusing to grant a downward adjustment to his sentence as either a minimal or minor participant pursuant to the United States Sentencing Guidelines ("U.S.S.G.") 3B1.2(a) and (b) respectively. Appellant has the burden of proving his entitlement to a downward adjustment to his sentence. U.S. v. Ocasio, 914 F.2d ____ ______ 330, 332-33 (1st. Cir. 1990). Only defendants who are "plainly among the least culpable of those involved in the conduct of a group" are entitled to a downward adjustment as a minimal participant, U.S. v. DiIorio, 948 F.2d 1, 5 (1st Cir. 1991) ____ _______ (quoting U.S.S.G. 3B1.2(a), Application Note 1), and to be a minor participant a defendant must be less culpable than the average participant. U.S. v. Rosado-Sierra, 938 F.2d 1, 1 (1st ____ _____________ Cir. 1991). We review a district court's determination of whether a defendant played a minor or minimal role in an offense under 3B1.2 only for clear error. DiIorio, 948 F.2d at 5. _______ In the present case, both parties agree that appellant and his co-defendants were on a vessel that contained 2,000 pounds of marijuana; they aided and abetted the possession with intent to distribute that marijuana, and expected $3,000 in return. In addition, during his plea, appellant acknowledged that he knew that the ship was to be used to smuggle marijuana. From this evidence, the district court reasonably determined that appellant was an active and essential participant in the offense. Moreover, appellant never alleged that he was less culpable than his co-defendants. Instead, he attempted to argue that the incident was part of a larger drug smuggling scheme in which he played a minor role. The only evidence that he offered in support of this theory, however, was testimony that there was a captain of the ship who abandoned it due to engine trouble, and the fact that he was promised payment for his role in the crime. Appellant could point to no other individuals who were part of the alleged scheme. He offered only speculation that if there was a captain and someone who paid him, there must have been a larger criminal structure. The court committed no clear error in determining that appellant failed to prove a larger criminal scheme and that appellant played more than a minor role in the charged offense. Thus, it correctly denied the downward adjustment to appellant's sentence. We affirm the district court's judgment. Affirmed. ________ -3-