[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2461

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS DANIEL ROSA-HERNANDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

Before

Selya, Circuit Judge,

Feinberg,* Senior Circuit Judge,

and Stahl, Circuit Judge.

Irma R. Valldejuli on brief for appellant.

Daniel F. Lopez-Romo, United States Attorney, Jose A.

Quiles-Espinosa, Senior Litigation Counsel, and Warren Vazquez,

Assistant United States Attorney, on brief for appellee.

May 11, 1993

*Of the Second Circuit, sitting by designation.

Per Curiam. This sentencing appeal has two foci. We
Per Curiam.

consider each in turn.

First, defendant-appellant Carlos Daniel Rosa-Hernandez

claims that the district court erred in refusing to treat him as

a minor player in the offense of conviction (a drug-trafficking

crime). See U.S.S.G. 3B1.2(b) (providing for a two-level

reduction in the applicable offense level if the defendant is a

minor participant). Absent mistake of law, we review a trial

judge's role-in-the-offense assessments only for clear error.

See United States v. Garcia, 954 F.2d 12, 18 (1st Cir. 1992);

United States v. Akitoye, 923 F.2d 223, 227 (1st Cir. 1991). We

approach this task mindful that, "[a]s with other sentence-

decreasing adjustments, a defendant must shoulder the burden of

proving his entitlement to a downward role-in-the-offense

adjustment." United States v. Ocasio-Rivera, No. 92-2100, slip

op. at 5 (1st Cir. April 1, 1993).

Appellant did not challenge the factual underpinnings

of the presentence investigation report. From the contents of

that report, the district court could permissibly have found that

appellant actively participated in a meeting on April 16, 1992

with his cohort, Miguel Rodriguez-Gonzalez, and a confidential

informant (who was acting as an internuncio for the prospective

purchaser, a government agent); that, when the undercover agent

joined the trio, appellant made it clear that he did not want

anybody to see his (appellant's) face; that, after the men had

shooed the purchaser away, the informant emerged from a further

2

meeting with appellant and Rodriguez-Gonzalez, met with the

agent, and gave him instructions, attributed to appellant, for

delivery of the purchase money to a specific site (a shopping

center); that, thereafter, appellant transported Rodriguez-

Gonzalez and the informant to the shopping center, where he

introduced the informant to Julio Gomez-Gonzalez; and that, later

the same afternoon, the informant and Gomez-Gonzalez attempted

to consummate the sale of five kilograms of cocaine for $85,000.

At the time of the arrest, appellant was still at the shopping

center, standing by his truck, and (or so the court could have

found) either overseeing or keeping watch to safeguard the

transaction.

To be sure, appellant was not a direct, hands-on

participant at the time of sale. Nevertheless, based on the

facts recounted above, the lower court supportably could have

found that appellant was a full-fledged player in the venture.

In short, given, especially, the burden of proof, we do not

believe that the court was legally required to accept appellant's

self-serving claim that he was a minor participant. Compare,

e.g., Ocasio-Rivera, slip op. at 5-7; United States v. Ortiz, 966

F.2d 707, 717 (1st Cir. 1992), cert. denied, 113 S. Ct. 1005

(1993); United States v. DiIorio, 948 F.2d 1, 5-6 (1st Cir.

1991); United States v. Rosado-Sierra, 938 F.2d 1, 1-2 (1st Cir.

1991) (per curiam); United States v. Osorio, 929 F.2d 753, 764

(1st Cir. 1991); United States v. Cepeda, 907 F.2d 11, 12 (1st

Cir. 1990). In the final analysis, when there are several

3

plausible views of the record, "the sentencing court's adoption

of one such view cannot be clearly erroneous." United States v.

St. Cyr, 977 F.2d 698, 706 (1st Cir. 1992). So it is in this

case.

Appellant's remaining asseveration is no more hardy.

He claims that, as part of a plea agreement, the government

promised that it would "not oppose [his] request for a downward

adjustment for his role in the offense," Appellant's Brief at 11,

but reneged on the promise. The problems with this argument are

many and they are insurmountable. The most fundamental

difficulty is the ephemeral nature of the alleged agreement: the

record does not contain a whisper of a hint of an intimation of

the supposed promise. Moreover, appellant, who was represented

at all times by able counsel, did not assert the existence of any

such promise in the written petition that accompanied his request

to the district court for permission to plead guilty, in the

colloquy that transpired during the change-of-plea hearing, see

Fed. R. Crim. P. 11, or in his written objections to the

presentence report. In point of fact, on the first two of these

occasions, appellant explicitly denied that any promises, not

previously disclosed, had been made to him.

We see no reason to look behind appellant's own

statements. We have repeatedly refused to imply plea agreements

or plea agreement provisions out of thin air, see, e.g., United

States v. Doyle, 981 F.2d 591, 594 & n.3 (1st Cir. 1992); United

States v. Atwood, 963 F.2d 476, 479 (1st Cir. 1992); Garcia, 954

4

F.2d at 17; United States v. Hogan, 862 F.2d 386, 388-89 (1st

Cir. 1988), and we adhere to that view today. If there was a

promise and we emphasize that we have found no sign of one it

should have been made known to the district court no later than

the date of the Rule 11 hearing, not kept hidden amidst counsel's

or defendant's unspoken reveries. See Garcia, 954 F.2d at 17

n.3; Hogan, 862 F.2d at 389 n.4.

The upshot is that appellant has no case. Because it

clearly appears that Rosa-Hernandez was lawfully sentenced and

that his appeal presents no substantial question, we need go no

further. See 1st Cir. Loc.R. 27.1.

Affirmed.

5

6