USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 92-2461 UNITED STATES OF AMERICA, Appellee, v. CARLOS DANIEL ROSA-HERNANDEZ, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Feinberg,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Irma R. Valldejuli on brief for appellant. __________________ Daniel F. Lopez-Romo, United States Attorney, Jose A. ______________________ ________ Quiles-Espinosa, Senior Litigation Counsel, and Warren Vazquez, _______________ ______________ Assistant United States Attorney, on brief for appellee. _________________________ May 11, 1993 ____________ _________________________ ________________ *Of the Second Circuit, sitting by designation. Per Curiam. This sentencing appeal has two foci. We Per Curiam. __________ consider each in turn. First, defendant-appellant Carlos Daniel Rosa-Hernandez claims that the district court erred in refusing to treat him as a minor player in the offense of conviction (a drug-trafficking crime). See U.S.S.G. 3B1.2(b) (providing for a two-level ___ reduction in the applicable offense level if the defendant is a minor participant). Absent mistake of law, we review a trial judge's role-in-the-offense assessments only for clear error. See United States v. Garcia, 954 F.2d 12, 18 (1st Cir. 1992); ___ ______________ ______ United States v. Akitoye, 923 F.2d 223, 227 (1st Cir. 1991). We _____________ _______ approach this task mindful that, "[a]s with other sentence- decreasing adjustments, a defendant must shoulder the burden of proving his entitlement to a downward role-in-the-offense adjustment." United States v. Ocasio-Rivera, No. 92-2100, slip ______________ _____________ op. at 5 (1st Cir. April 1, 1993). Appellant did not challenge the factual underpinnings of the presentence investigation report. From the contents of that report, the district court could permissibly have found that appellant actively participated in a meeting on April 16, 1992 with his cohort, Miguel Rodriguez-Gonzalez, and a confidential informant (who was acting as an internuncio for the prospective purchaser, a government agent); that, when the undercover agent joined the trio, appellant made it clear that he did not want anybody to see his (appellant's) face; that, after the men had shooed the purchaser away, the informant emerged from a further 2 meeting with appellant and Rodriguez-Gonzalez, met with the agent, and gave him instructions, attributed to appellant, for delivery of the purchase money to a specific site (a shopping center); that, thereafter, appellant transported Rodriguez- Gonzalez and the informant to the shopping center, where he introduced the informant to Julio Gomez-Gonzalez; and that, later the same afternoon, the informant and Gomez-Gonzalez attempted to consummate the sale of five kilograms of cocaine for $85,000. At the time of the arrest, appellant was still at the shopping center, standing by his truck, and (or so the court could have found) either overseeing or keeping watch to safeguard the transaction. To be sure, appellant was not a direct, hands-on participant at the time of sale. Nevertheless, based on the facts recounted above, the lower court supportably could have found that appellant was a full-fledged player in the venture. In short, given, especially, the burden of proof, we do not believe that the court was legally required to accept appellant's self-serving claim that he was a minor participant. Compare, _______ e.g., Ocasio-Rivera, slip op. at 5-7; United States v. Ortiz, 966 ____ _____________ _____________ _____ F.2d 707, 717 (1st Cir. 1992), cert. denied, 113 S. Ct. 1005 _____ ______ (1993); United States v. DiIorio, 948 F.2d 1, 5-6 (1st Cir. _____________ _______ 1991); United States v. Rosado-Sierra, 938 F.2d 1, 1-2 (1st Cir. _____________ _____________ 1991) (per curiam); United States v. Osorio, 929 F.2d 753, 764 _____________ ______ (1st Cir. 1991); United States v. Cepeda, 907 F.2d 11, 12 (1st _____________ ______ Cir. 1990). In the final analysis, when there are several 3 plausible views of the record, "the sentencing court's adoption of one such view cannot be clearly erroneous." United States v. _____________ St. Cyr, 977 F.2d 698, 706 (1st Cir. 1992). So it is in this _______ case. Appellant's remaining asseveration is no more hardy. He claims that, as part of a plea agreement, the government promised that it would "not oppose [his] request for a downward adjustment for his role in the offense," Appellant's Brief at 11, but reneged on the promise. The problems with this argument are many and they are insurmountable. The most fundamental difficulty is the ephemeral nature of the alleged agreement: the record does not contain a whisper of a hint of an intimation of the supposed promise. Moreover, appellant, who was represented at all times by able counsel, did not assert the existence of any such promise in the written petition that accompanied his request to the district court for permission to plead guilty, in the colloquy that transpired during the change-of-plea hearing, see ___ Fed. R. Crim. P. 11, or in his written objections to the presentence report. In point of fact, on the first two of these occasions, appellant explicitly denied that any promises, not previously disclosed, had been made to him. We see no reason to look behind appellant's own statements. We have repeatedly refused to imply plea agreements or plea agreement provisions out of thin air, see, e.g., United ___ ____ ______ States v. Doyle, 981 F.2d 591, 594 & n.3 (1st Cir. 1992); United ______ _____ ______ States v. Atwood, 963 F.2d 476, 479 (1st Cir. 1992); Garcia, 954 ______ ______ ______ 4 F.2d at 17; United States v. Hogan, 862 F.2d 386, 388-89 (1st _____________ _____ Cir. 1988), and we adhere to that view today. If there was a promise and we emphasize that we have found no sign of one it should have been made known to the district court no later than the date of the Rule 11 hearing, not kept hidden amidst counsel's or defendant's unspoken reveries. See Garcia, 954 F.2d at 17 ___ ______ n.3; Hogan, 862 F.2d at 389 n.4. _____ The upshot is that appellant has no case. Because it clearly appears that Rosa-Hernandez was lawfully sentenced and that his appeal presents no substantial question, we need go no further. See 1st Cir. Loc.R. 27.1. ___ Affirmed. Affirmed. ________ 5 6