16 F.3d 401
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES of America, Appellee,
v.
Tirso Bolivar GONZALEZ AVALO, Defendant, Appellant.
 No. 93-1923.
 United States Court of Appeals,
First Circuit.
 February 14, 1994
 
 Appeal from the United States District Court for the District of Maine
 Christopher W. Dilworth on brief for appellant.
 Jay P. McCloskey, United States Attorney, and Michael M. DuBose, Assistant United States Attorney, on brief for the United States.
 D.Me.
 AFFIRMED.
 Before Torruella, Circuit Judge, Bownes, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 This criminal appeal arises out of the conviction of defendant-appellant, Tirso Bolivar Gonzalez Avalo (Gonzalez), on two counts of conspiracy to possess a controlled substance, cocaine, with intent to distribute it. See 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(C), 846. After a trial in which a jury found appellant guilty, the district court imposed a 97-month incarcerative sentence. Appellant contests the conviction and also challenges aspects of the computations leading to his sentence. We affirm.
 
 
 2
 * Appellant assails his conviction solely on the ground of alleged evidentiary insufficiency. Following a guilty verdict, a reviewing court must scrutinize the record, drawing all reasonable inferences in favor of the verdict, to ascertain if a rational jury could have found that the government proved each element of the crime beyond a reasonable doubt. See United States v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993); United States v. Ortiz, 966 F.2d 707, 711 (1st Cir. 1992), cert. denied, 113 S. Ct. 1005 (1993). The government can satisfy its burden of proof by either direct or circumstantial evidence. See Echeverri, 982 F.2d at 679; United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir.), cert. denied, 492 U.S. 910 (1989). To sustain a conviction, a reviewing court need not conclude that only a guilty verdict could appropriately be reached; it is enough that the jury's determination draws its essence from a plausible reading of the record. See Echeverri, 982 F.2d at 677; Ortiz, 966 F.2d at 711.
 
 
 3
 Using these guideposts, the quantum of evidence adduced here is more than adequate. If the jury believed the government's witnesses, Gonzalez was guilty, pure and simple. Appellant virtually concedes this point, but argues that the key witnesses against him had poor memories, character flaws, drug addictions, and selfish reasons for finger-pointing. This argument has some basis in the record, but it was fully aired during cross-examination and in defense counsel's summation. The jury obviously believed the evidence was reliable. That ends the matter: credibility calls are within the jury's exclusive province, see United Sates v. David, 940 F.2d 722, 730 (1st Cir. 1991), cert. denied, 112 S. Ct. 2301 (1992), and, therefore, a claim of evidentiary insufficiency that rests upon witness credibility cannot succeed. See, e.g., United States v. Serrano, 870 F.2d 1, 5 (1st Cir. 1989). So it is here.
 
 II
 
 4
 Appellant's attack on his sentence advances on two fronts. Neither invasion succeeds.
 
 
 5
 1. Role in the Offense. Appellant claims that the district court erred in its determination of his role in the criminal activity. See U.S.S.G. Sec. 3B1.1(c) (Nov. 1992) (providing a two-level increase for assuming managerial responsibilities in certain criminal endeavors). Hiking a defendant's offense level under this provision is justified if the court supportably determines that the offense(s) of conviction involved at least two participants, and that the defendant exercised control over one of them. See United States v. Fuller, 897 F.2d 1217, 1220 (1st Cir. 1990). "The government must bear the burden of proving that an upward role-in-the-offense adjustment is warranted." United Sates v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993).
 
 
 6
 In his brief, appellant says that the increase was unjustified, not because of a lack of evidence, but because "the government's witnesses were not credible." Appellant's Brief at 10. That suggestion goes nowhere. Just as the jury is the principal arbiter of witness credibility at trial, the judge is the principal arbiter of credibility at sentencing. See United States v. St. Cyr, 977 F.2d 698, 706 (1st Cir. 1992) (holding that credibility determinations during the sentencing phase "lie within the domain of the district court"). Consequently, the claim of error cannot prosper.
 
 
 7
 2. Acceptance of Responsibility. Finally, appellant posits that the district court erred in failing to lower his offense level for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1 (Nov. 1992). We do not agree.
 
 
 8
 A defendant must carry the burden of proving entitlement to reductions in the offense level, including downward adjustments for acceptance of responsibility. See Morillo, 8 F.3d at 871; United States v. Bradley, 917 F.2d 601, 606 (1st Cir. 1990). Where, as here, the sentencing court has ruled against a defendant on such an issue, the defendant "faces an uphill battle." Morillo, 8 F.3d at 871. It is, after all, firmly settled that "[w]hether a defendant 'clearly demonstrates a recognition and affirmative acceptance of personal responsibility' is a fact-dominated issue, and the district court's decision to withhold a reduction in the offense level will not be overturned unless clearly erroneous." United States v. Royer, 895 F.2d 28, 29 (1st Cir. 1990) (citation omitted).
 
 
 9
 We have read the record with care, and find no compelling evidence that appellant accepted responsibility in a timely manner. To the contrary he pled not guilty and maintained his innocence throughout the trial. To be sure, a sentencing court can still find a timely acceptance of responsibility in such circumstances, see U.S.S.G. Sec. E1.1, comment. (n.2), but it is hard to fault the court for being skeptical.[1] There is no way that we, from the vista of a cold appellate record, can second-guess the trial judge (who saw and heard the defendant). See, e.g., United States v. Cepeda, 907 F.2d 11, 11 (1st Cir. 1990). Absent clear error-and we see none here-we must uphold the sentencing court's refusal to reduce appellant's offense level for acceptance of responsibility.
 
 
 10
 The defendant's conviction and sentence are summarily affirmed. See 1st Cir. R. 27.1.
 
 
 
 [1]
 Appellant argues that he would have accepted responsibility earlier, but for his uncertainty about the drug quantities that would be attributed to him. There are two problems with this asseveration. First, there is nothing in the record to suggest that this is any more than post-hoc rationalization. Second, even if it were to be given some credence, we have characterized an offer to plead guilty "subject to" an agreement on drug quantity as "too problematic" to serve as the functional equivalent of acceptance of responsibility. Morillo, 8 F.3d at 872