USCA1 Opinion

 

 February 14, 1994 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 93-1923 UNITED STATES OF AMERICA, Appellee, v. TIRSO BOLIVAR GONZALEZ AVALO, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ _________________________ Before Torruella, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ _________________________ Christopher W. Dilworth on brief for appellant. _______________________ Jay P. McCloskey, United States Attorney, and Michael M. _________________ ___________ DuBose, Assistant United States Attorney, on brief for the United ______ States. _________________________ _________________________ Per Curiam. This criminal appeal arises out of the Per Curiam. __________ conviction of defendant-appellant, Tirso Bolivar Gonzalez Avalo (Gonzalez), on two counts of conspiracy to possess a controlled substance, cocaine, with intent to distribute it. See 21 U.S.C. ___ 841(a)(1), 841(b)(1)(C), 846. After a trial in which a jury found appellant guilty, the district court imposed a 97-month incarcerative sentence. Appellant contests the conviction and also challenges aspects of the computations leading to his sentence. We affirm. I I Appellant assails his conviction solely on the ground of alleged evidentiary insufficiency. Following a guilty verdict, a reviewing court must scrutinize the record, drawing all reasonable inferences in favor of the verdict, to ascertain if a rational jury could have found that the government proved each element of the crime beyond a reasonable doubt. See United ___ ______ States v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993); United ______ _________ ______ States v. Ortiz, 966 F.2d 707, 711 (1st Cir. 1992), cert. denied, ______ _____ _____ ______ 113 S. Ct. 1005 (1993). The government can satisfy its burden of proof by either direct or circumstantial evidence. See ___ Echeverri, 982 F.2d at 679; United States v. Rivera-Santiago, 872 _________ _____________ _______________ F.2d 1073, 1079 (1st Cir.), cert. denied, 492 U.S. 910 (1989). _____ ______ To sustain a conviction, a reviewing court need not conclude that only a guilty verdict could appropriately be reached; it is enough that the jury's determination draws its essence from a plausible reading of the record. See Echeverri, 982 F.2d at 677; ___ _________ 3 Ortiz, 966 F.2d at 711. _____ Using these guideposts, the quantum of evidence adduced here is more than adequate. If the jury believed the government's witnesses, Gonzalez was guilty, pure and simple. Appellant virtually concedes this point, but argues that the key witnesses against him had poor memories, character flaws, drug addictions, and selfish reasons for finger-pointing. This argument has some basis in the record, but it was fully aired during cross-examination and in defense counsel's summation. The jury obviously believed the evidence was reliable. That ends the matter: credibility calls are within the jury's exclusive province, see United Sates v. David, 940 F.2d 722, 730 (1st Cir. ___ ____________ _____ 1991), cert. denied, 112 S. Ct. 2301 (1992), and, therefore, a _____ ______ claim of evidentiary insufficiency that rests upon witness credibility cannot succeed. See, e.g., United States v. Serrano, ___ ____ _____________ _______ 870 F.2d 1, 5 (1st Cir. 1989). So it is here. II II Appellant's attack on his sentence advances on two fronts. Neither invasion succeeds. 1. Role in the Offense. Appellant claims that the 1. Role in the Offense. ____________________ district court erred in its determination of his role in the criminal activity. See U.S.S.G. 3B1.1(c) (Nov. 1992) (providing ___ a two-level increase for assuming managerial responsibilities in certain criminal endeavors). Hiking a defendant's offense level under this provision is justified if the court supportably determines that the offense(s) of conviction involved at least 4 two participants, and that the defendant exercised control over one of them. See United States v. Fuller, 897 F.2d 1217, 1220 ___ _____________ ______ (1st Cir. 1990). "The government must bear the burden of proving that an upward role-in-the-offense adjustment is warranted." United Sates v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993). ____________ _______ In his brief, appellant says that the increase was unjustified, not because of a lack of evidence, but because "the government's witnesses were not credible." Appellant's Brief at 10. That suggestion goes nowhere. Just as the jury is the principal arbiter of witness credibility at trial, the judge is the principal arbiter of credibility at sentencing. See United ___ ______ States v. St. Cyr, 977 F.2d 698, 706 (1st Cir. 1992) (holding ______ ________ that credibility determinations during the sentencing phase "lie within the domain of the district court"). Consequently, the claim of error cannot prosper. 2. Acceptance of Responsibility. Finally, appellant 2. Acceptance of Responsibility. ____________________________ posits that the district court erred in failing to lower his offense level for acceptance of responsibility. See U.S.S.G. ___ 3E1.1 (Nov. 1992). We do not agree. A defendant must carry the burden of proving entitlement to reductions in the offense level, including downward adjustments for acceptance of responsibility. See ___ Morillo, 8 F.3d at 871; United States v. Bradley, 917 F.2d 601, _______ _____________ _______ 606 (1st Cir. 1990). Where, as here, the sentencing court has ruled against a defendant on such an issue, the defendant "faces an uphill battle." Morillo, 8 F.3d at 871. It is, after all, _______ 5 firmly settled that "[w]hether a defendant 'clearly demonstrates a recognition and affirmative acceptance of personal responsibility' is a fact-dominated issue, and the district court's decision to withhold a reduction in the offense level will not be overturned unless clearly erroneous." United States _____________ v. Royer, 895 F.2d 28, 29 (1st Cir. 1990) (citation omitted). _____ We have read the record with care, and find no compelling evidence that appellant accepted responsibility in a timely manner. To the contrary he pled not guilty and maintained his innocence throughout the trial. To be sure, a sentencing court can still find a timely acceptance of responsibility in such circumstances, see U.S.S.G. E1.1, comment. (n.2), but it is ___ hard to fault the court for being skeptical.1 There is no way that we, from the vista of a cold appellate record, can second- guess the trial judge (who saw and heard the defendant). See, ___ e.g., United States v. Cepeda, 907 F.2d 11, 11 (1st Cir. 1990). ____ _____________ ______ Absent clear error and we see none here we must uphold the sentencing court's refusal to reduce appellant's offense level for acceptance of responsibility. ____________________ 1Appellant argues that he would have accepted responsibility earlier, but for his uncertainty about the drug quantities that would be attributed to him. There are two problems with this asseveration. First, there is nothing in the record to suggest that this is any more than post-hoc rationalization. Second, ____ ___ even if it were to be given some credence, we have characterized an offer to plead guilty "subject to" an agreement on drug quantity as "too problematic" to serve as the functional equivalent of acceptance of responsibility. Morillo, 8 F.3d at _______ 872. 6 The defendant's conviction and sentence are summarily The defendant's conviction and sentence are summarily _______________________________________________________ affirmed. See 1st Cir. R. 27.1. affirmed. See 1st Cir. R. 27.1. ________ ____________________ 7