53 F.3d 327
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES of America, Appellee,
v.
Jaime Ocampo OCHOA-RAMIREZ, Defendant, Appellant.
 No. 94-1897
 United States Court of Appeals,
First Circuit.
 May 8, 1995
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Hector M. Laffitte, U.S. District Judge ]
 H. Manuel Hernandez on brief for appellant.
 Guillermo Gil, United States Attorney, and Jose A. Quiles Espinosa, Senior Litigation Counsel, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a single-issue sentencing appeal. Having carefully reviewed the record and the briefs, we conclude that no hint of error appears. We explain briefly.
 
 
 2
 A defendant has the burden of proving his entitlement to a downward adjustment in the base offense level referable to his role in the offense. See United States v. Ocasio, 914 F.2d 330, 332 (1st Cir. 1990). Such determinations are primarily for the district court. Once they have been made, we review them only for clear error.[1] See id. at 333. Moreover, "where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990). On this record, appellant cannot overcome the combined force of these tenets. The district court's decision not to make any adjustment for role in the offense seems amply warranted.
 
 
 3
 Although this conclusion is fully dispositive of the appeal, we add a point of clarification. Contrary to appellant's importuning, a defendant is not a "minor" participant merely because he is, relatively speaking, less culpable than the coconspirators with whom he is aligned. See U.S.S.G. Sec. 3B1.2(b), comment. (n.3). He must be "less culpable than the average participant" in similar offenses, see United States v. Brandon, 17 F.3d 409, 460 (1st Cir. 1994), or, put another way, only tangentially involved in the offense of conviction, see United States v. Cepeda, 907 F.2d 11, 12 (1st Cir. 1990). On this standard, appellant was obviously not a minor participant in the drug-trafficking scheme.
 
 
 4
 We need go no further. We summarily affirm appellant's conviction and the sentence imposed by the district court. See 1st Cir. R. 27.1; see also United States v. Ruiz-Garcia, 886 F.2d 474, 477 (1st Cir. 1989). Affirmed.@
 
 
 
 [1]
 Here, of course, the standard is even less welcoming to the defendant. Appellant did not ask the district court for a "minor participant" adjustment (although he did unsuccessfully seek a "minimal participant" adjustment). Because appellant argues on appeal a point not raised below, our review is, at best, as defense counsel acknowledges, for plain error. See United States v. Dietz, 950 F.2d 50, 55 (1st Cir. 1991)