USCA1 Opinion

 

 May 8, 1995 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 94-1897 UNITED STATES OF AMERICA, Appellee, v. JAIME OCAMPO OCHOA-RAMIREZ, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ _________________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ _________________________ H. Manuel Hernandez on brief for appellant. ___________________ Guillermo Gil, United States Attorney, and Jose A. Quiles _____________ _______________ Espinosa, Senior Litigation Counsel, on brief for appellee. ________ _________________________ _________________________ Per Curiam. This is a single-issue sentencing appeal. Per Curiam __________ Having carefully reviewed the record and the briefs, we conclude that no hint of error appears. We explain briefly. A defendant has the burden of proving his entitlement to a downward adjustment in the base offense level referable to his role in the offense. See United States v. Ocasio, 914 F.2d ___ _____________ ______ 330, 332 (1st Cir. 1990). Such determinations are primarily for the district court. Once they have been made, we review them only for clear error.1 See id. at 333. Moreover, "where there ___ ___ is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Ruiz, 905 F.2d 499, 508 _____________ ____ (1st Cir. 1990). On this record, appellant cannot overcome the combined force of these tenets. The district court's decision not to make any adjustment for role in the offense seems amply warranted. Although this conclusion is fully dispositive of the appeal, we add a point of clarification. Contrary to appellant's importuning, a defendant is not a "minor" participant merely because he is, relatively speaking, less culpable than the coconspirators with whom he is aligned. See U.S.S.G. 3B1.2(b), ___ comment. (n.3). He must be "less culpable than the average  ____________________ 1Here, of course, the standard is even less welcoming to the defendant. Appellant did not ask the district court for a "minor participant" adjustment (although he did unsuccessfully seek a "minimal participant" adjustment). Because appellant argues on appeal a point not raised below, our review is, at best, as defense counsel acknowledges, for plain error. See United States ___ _____________ v. Dietz, 950 F.2d 50, 55 (1st Cir. 1991). _____ 2 participant" in similar offenses, see United States v. Brandon, ___ ______________ _______ 17 F.3d 409, 460 (1st Cir. 1994), or, put another way, only tangentially involved in the offense of conviction, see United ___ ______ States v. Cepeda, 907 F.2d 11, 12 (1st Cir. 1990). On this ______ ______ standard, appellant was obviously not a minor participant in the drug-trafficking scheme. We need go no further. We summarily affirm appellant's conviction and the sentence imposed by the district court. See ___ 1st Cir. R. 27.1; see also United States v. Ruiz-Garcia, 886 F.2d ___ ____ _____________ ___________ 474, 477 (1st Cir. 1989). Affirmed. Affirmed ________ 3