70 F.3d 110
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Michael OLUDE, Defendant, Appellant.
 No. 95-1416.
 United States Court of Appeals, First Circuit.
 Nov. 14, 1995.
 
 Mark F. Itzkowitz on brief for appellant.
 Donald K. Stern, United States Attorney, and Michael J. Pelgro, Assistant United States Attorney, on brief for the United States.
 Before SELYA, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is another in the long, grey line of sentencing appeals that trail in the roiled wake of the federal courts' introduction to guideline sentencing. Defendant-appellant Michael Olude advances a lone assignment of error. He claims that he was merely a minor participant in the offense of conviction, and that the lower court erred in refusing to reduce his offense level accordingly. See U.S.S.G. Sec. 3B1.2(b). We do not agree.
 
 
 2
 Absent a mistake of law and we discern none here we review a district court's factual findings anent a defendant's role in the offense only for clear error. See United States v. Akitoye, 923 F.2d 221, 227 (1st Cir.1991); United States v. Ocasio, 914 F.2d 330, 333 (1st Cir.1990). Although this is not an insurmountable hurdle, it is nevertheless a daunting one. As we have said before, battles over a defendant's role in the offense are fact-based and, therefore, "will almost always be won or lost in the district court." United States v. Graciani, 61 F.3d 70, 75 (1st Cir.1995). There is no basis for a different result here.
 
 
 3
 We will not belabor the obvious. See, e.g., United States v. Ruiz-Garcia, 886 F.2d 474, 477 (1st Cir.1989) (warning, in a sentencing appeal, that an appellate court should not "wast[e] overtaxed judicial resources razing castles in the air"). The appellant had the burden of proving his entitlement to a downward role-in-the-offense adjustment. See Ocasio, 914 F.2d at 332-33. In determining whether the appellant had satisfied that burden, the sentencing court was not obligated to accept the appellant's self-interested account of his involvement. See United States v. Paz-Uribe, 891 F.2d 396, 399 (1st Cir.), cert. denied, 495 U.S. 951 (1990). And, moreover, even if, as appellant claims, he was merely a courier, he was not automatically entitled to a downward role-in-the-offense adjustment. See, e.g., United States v. Lopez-Gil, 965 F.2d 1124, 1131 (1st Cir.), cert. denied, 113 S.Ct. 484 (1992); United States v. Cepeda, 907 F.2d 11, 12 (1st Cir.1990).
 
 
 4
 We need go no further. Though appellant, represented on appeal by able counsel, presents a somewhat sympathetic case, he has not overcome the formidable standard of review. After all, in the world of guideline sentencing, "where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Ruiz, 905 F.2d 499, 508 (1st Cir.1990).
 
 
 5
 Affirmed.