USCA1 Opinion

 

 November 14, 1995 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 95-1416 UNITED STATES OF AMERICA, Appellee, v. MICHAEL OLUDE, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ _________________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ _________________________ Mark F. Itzkowitz on brief for appellant. _________________ Donald K. Stern, United States Attorney, and Michael J. ________________ ___________ Pelgro, Assistant United States Attorney, on brief for the United ______ States. _________________________ _________________________ Per Curiam. This is another in the long, grey line of Per Curiam. __________ sentencing appeals that trail in the roiled wake of the federal courts' introduction to guideline sentencing. Defendant- appellant Michael Olude advances a lone assignment of error. He claims that he was merely a minor participant in the offense of conviction, and that the lower court erred in refusing to reduce his offense level accordingly. See U.S.S.G. 3B1.2(b). We do ___ not agree. Absent a mistake of law and we discern none here we review a district court's factual findings anent a defendant's role in the offense only for clear error. See United States v. ___ ______________ Akitoye, 923 F.2d 221, 227 (1st Cir. 1991); United States v. _______ ______________ Ocasio, 914 F.2d 330, 333 (1st Cir. 1990). Although this is not ______ an insurmountable hurdle, it is nevertheless a daunting one. As we have said before, battles over a defendant's role in the offense are fact-based and, therefore, "will almost always be won or lost in the district court." United States v. Graciani, 61 _____________ ________ F.3d 70, 75 (1st Cir. 1995). There is no basis for a different result here. We will not belabor the obvious. See, e.g., United ___ ____ ______ States v. Ruiz-Garcia, 886 F.2d 474, 477 (1st Cir. 1989) ______ ___________ (warning, in a sentencing appeal, that an appellate court should not "wast[e] overtaxed judicial resources razing castles in the air"). The appellant had the burden of proving his entitlement to a downward role-in-the-offense adjustment. See Ocasio, 914 ___ ______ F.2d at 332-33. In determining whether the appellant had 2 satisfied that burden, the sentencing court was not obligated to accept the appellant's self-interested account of his involvement. See United States v. Paz-Uribe, 891 F.2d 396, 399 ___ ______________ _________ (1st Cir.), cert. denied, 495 U.S. 951 (1990). And, moreover, _____ ______ even if, as appellant claims, he was merely a courier, he was not automatically entitled to a downward role-in-the-offense adjustment. See, e.g., United States v. Lopez-Gil, 965 F.2d ___ ____ _____________ _________ 1124, 1131 (1st Cir.), cert. denied, 113 S.Ct. 484 (1992); United _____ ______ ______ States v. Cepeda, 907 F.2d 11, 12 (1st Cir. 1990). ______ ______ We need go no further. Though appellant, represented on appeal by able counsel, presents a somewhat sympathetic case, he has not overcome the formidable standard of review. After all, in the world of guideline sentencing, "where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. ______________ ____ 1990). Affirmed. Affirmed. ________ 3